AO 245B (Rev 06/05) Sheet 1 - Judgment in a Criminal Case USMS

2012 JUL 23 PM 3:19

# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

**AMENDED**
**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 8:09-cr-585-T-24TBM
USM NUMBER: 74210-083

vs.

JOHN S. MORGAN

Defendant's Attorney: Robert Tager, CJA

THE DEFENDANT:

X pleaded guilty to Counts One and Sixteen of the Superseding Indictment.
_ pleaded nolo contendere to count(s) which was accepted by the court.
_ was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to defraud the United States. | August 2009 | One |
| 18 U.S.C. §§ 1957 and 2 | Money laundering. | June 1, 2006 | Sixteen |

The defendant is sentenced as provided in pages 2 through 13 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on count(s)
X The Original Indictment and counts Two through Fifteen and Seventeen through Twenty-two of the Superseding Indictment are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: November 28, 2011

SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE

DATE: July 20, 2012

I certify the foregoing to be a true and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida
By: ______________
Deputy Clerk

449

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ***SIXTY (60) Months as to Count One of the Superseding Indictment and SIXTY ONE (61) Months as to Count Sixteen of the Superseding Indictment, such terms to run consecutively for a total of ONE HUNDRED AND TWENTY ONE (121) Months.***

_X_ The Court makes the following *recommendations* to the Bureau of Prisons:
Confinement at FCI Talladega, AL

_X_ The defendant is remanded to the custody of the United States Marshal.
__ The defendant shall surrender to the United States Marshal for this district.

__ at __ a.m./p.m. on __.
__ as notified by the United States Marshal.

__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

__ before 2 p.m. on __.
__ as notified by the United States Marshal.
__ as notified by the Probation or Pretrial Services Office.

2012 AUG -2 PM 1:13

## RETURN

I have executed this judgment as follows:

Defendant delivered on 08-27-2012 to A. HAYNES, WARDEN
__ at FCI JESUP, GA, with a certified copy of this judgment.

~~United States Marshal~~

By: [signature] CSO
~~Deputy United States Marshal~~

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ***THIRTY SIX (36) Months as to Counts One and Sixteen of the Superseding Indictment, such terms to run concurrently.***

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year. The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X The defendant shall provide the probation officer access to any requested financial information.

X The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases without approval of the probation officer.

X Defendant shall refrain from engaging in any employment related to the investment industry.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| **Totals:** | **$200.00** | **waived** | **$17,360,850.00** |

_X_ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| All payments are to be made to Clerk, U.S. District Court c/o U.S. District Court Debit Collection Unit 401 West Central Blvd., Suite 2100 Orlando, Fl. 32801 | | | |

***PLEASE SEE ATTACHMENT TO THIS JUDGMENT DETAILING ALL OF THE VICTIMS***

| | Total Loss* | Restitution Ordered |
|---|---|---|
| Totals: | **$17,360,850.00** | **$17,360,850.00** |

_ Restitution amount ordered pursuant to plea agreement $ ______________.

_ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

_ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

_ the interest requirement is waived for the ___ fine ___ restitution.

_ the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __ Lump sum payment of $ _ due immediately, balance due

__ not later than ________, or

__ in accordance __ C, __ D, __ E or __ F below; or

B. X Special Assessment payment due immediately and in full.

C. __ Payment in equal ____________ (e.g., weekly, monthly, quarterly) installments of $ _______ over a period of ______ (e.g., months or years), to commence ________ days (e.g., 30 or 60 days) after the date of this judgment; or

D. __ Payment in equal __________(e.g., weekly, monthly, quarterly) installments of $ _______ over a period of _________, (e.g., months or years) to commence ____________ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. __ Payment during the term of supervised release will commence within _______________ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. X Special instructions regarding the payment of restitution:

While in the Bureau of Prisons custody, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job or (2) pay at least 50% of his monthly earnings if the defendant has a Unicor job. Upon release from custody, the defendant shall make monthly payments of no less than **$100.00** and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in his ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X **Restitution is joint and Several as to the entire amount, with Marian I. Morgan and Eli Heckscher in case number 8:09-cr-585-T-24TBM. $3,113,000.00 in restitution is joint and several with Stephen E. Bowman in case number 8:09-cr-585-T-24TBM.**

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

_ The defendant shall pay the cost of prosecution.

_ The defendant shall pay the following court cost(s):

X The defendant shall forfeit the defendant's interest in the following property to the United States:

**Pursuant to the Forfeiture Money Judgment and Preliminary Order of Forfeiture entered on November 28, 2011 and made part of this judgment.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 8:09-cr-00585-SCB-TBM Document 337 Filed 11/28/11 Page 7 of 10 PageID 1674

| 1 | Victim | Alternate Contact | Restitution Owed |
|---|---|---|---|
| 2 | 993638 Alberta Ltd. | Cowan, Doug | $120,000.00 |
| 3 | Advanced Corneal Engineering, Inc. | Tabb, Roger L., CEO | $105,000.00 |
| 4 | Ausmus, Donald/Judith | | $100,000.00 |
| 5 | Battle, Wayne T. | | $200,000.00 |
| 6 | Bayne, Doug | | $100,000.00 |
| 7 | Bell, Robert L. | | $110,000.00 |
| 8 | Bellwood Corporation | Manager, Office | $100,000.00 |
| 9 | Bisnett, Roger | | $100,000.00 |
| 10 | Buetow, Walter | | $100,000.00 |
| 11 | Caverzan, Frederick/Janice | | $120,000.00 |
| 12 | Carroll, James | | $301,000.00 |
| 13 | Casa Doctors, LLC | Ledesma, Dina | $100,000.00 |
| 14 | Comery, Judith | | $40,000.00 |
| 15 | Chapman, Heather | | $100,000.00 |
| 16 | Chardwal, Sanjeev | | $100,000.00 |
| 17 | Coffin, Chris/Tom | | $100,000.00 |
| 18 | Coffin, Dawn/Tim | | $100,000.00 |
| 19 | Cooney, Mary | | $100,000.00 |
| 20 | Cote, Lawrence | | $100,000.00 |
| 21 | Craliant, Roy | | $100,000.00 |
| 22 | Culham, Harry | | $100,000.00 |
| 23 | Culham, Tania | | $110,000.00 |
| 24 | Cunningham, David | | $100,000.00 |
| 25 | Daniels, Lila | | $100,000.00 |
| 26 | Dudley, Darlene | | $215,000.00 |
| 27 | Dwornik, Boris | | $100,000.00 |
| 28 | Ford, Ronald | c/o Delra International School | $100,000.00 |
| 29 | Francis, Gregory | | $100,000.00 |
| 30 | Friskin, Michelle | | $15,000.00 |
| 31 | Gaunt, Chris | | $200,000.00 |
| 32 | Goldfinger Coin and Bullion, Inc. | | $50,000.00 |
| 33 | Groves, Darryl | | $100,000.00 |
| 34 | Guptil, Wallace | | $150,000.00 |
| 35 | Halliday, Gerald and Jeannine | | $240,000.00 |
| 36 | Harrod, John | | $26,850.00 |
| 37 | Hartl, Patricia and Gary | | $100,000.00 |
| 38 | Hasse, Maron/Trent | | $176,000.00 |
| 39 | Heinlla, Erik W. | | $100,000.00 |
| 40 | Herbst, Rose/Veral | | $200,000.00 |
| 41 | Hoff, Dale | | $100,000.00 |
| 42 | Holman, Marg | | $115,000.00 |
| 43 | Hunspreger, Allan | | $150,000.00 |
| 44 | I-M Possible Enterprises Ltd | Wigemyr, Dwayne | $110,000.00 |
| 45 | Jina, Addul | | $90,000.00 |
| 46 | Kobalt, Jacob | | $1,000,000.00 |
| 47 | Lancaster Consulting Group | Hammond, Chris and Tara | $100,000.00 |
| 48 | Limeira Corp. | Olmstead, Mark | $100,000.00 |
| 49 | Living Legacy International, LLC | Manager, Office | $200,000.00 |
| 50 | Lovewell, Craig | | $210,000.00 |
| 51 | M.E. Hunter Investments, Inc | Zadkovich, Mary Liz | $125,000.00 |
| 52 | Magnum Boat Trailers | Manager, Office | $360,000.00 |
| 53 | Malkin, Sharon | | $100,000.00 |
| 54 | Marlow, Jason | | $100,000.00 |
| 55 | Marrs, Cordella | | $220,000.00 |
| 56 | Marrs, Robert | | $150,000.00 |
| 57 | McCandless Co. Law Corp. | Manager, Office | $100,000.00 |
| 58 | McMillan, Alan | | $160,000.00 |
| 59 | Meier, Kenneth/Julie | | $200,000.00 |
| 60 | Meyer, Richard | | $500,000.00 |
| 61 | Mirelis Investrust | | $531,000.00 |
| 62 | Mossop, Diana F. | | $100,000.00 |
| 63 | Morgan, William G. | | $140,000.00 |
| 64 | Mulist, Merle | | $100,000.00 |
| 65 | Nathan P. Kern Professional Corp. | Manager, Office | $100,000.00 |
| 66 | Nichols, Mary Lee | | $105,000.00 |
| 67 | Nolan, Peter/Ellen | | $100,000.00 |
| 68 | Pago, Morris/Mary | | $125,000.00 |
| 69 | Peterson, Jon | | $100,000.00 |
| 70 | Ping, Huang | | $20,000.00 |

| | A | B | C | I |
|---|---|---|---|---|
| 71 | | PJF Ventures Trust | Manager, Office | $75,000.00 |
| 72 | | Priority 1000, Inc. | Paul Reynolds | $71,000.00 |
| 73 | | Raja, Priyon | | $100,000.00 |
| 74 | | Raja, Satyon/Raja | | $500,000.00 |
| 75 | | Robbins, Paul | | $87,000.00 |
| 76 | | Roussoau, Eugeno | | $100,000.00 |
| 77 | | Sharp, Daniel Loo | | $100,000.00 |
| 78 | | Shawkat, Kibria | | $200,000.00 |
| 79 | | Solos, Andrea | | $235,000.00 |
| 80 | | TNT Audio One | Manager, Office | $125,000.00 |
| 81 | | Thompson, Larry | | $1,600,000.00 |
| 82 | | Thurner, Frank and Debbie | | $200,000.00 |
| 83 | | Triokin, Michaelle | | $15,000.00 |
| 84 | | Trudeau, Richard | | $500,000.00 |
| 85 | | Vonpar Group | Manager, Office | $50,000.00 |
| 86 | | Weiss, Greg | | $100,000.00 |
| 87 | | BMG Victims | | $3,113,000.00 |
| 88 | | | | |
| 89 | | KEY: | | $17,360,850.00 |
| 90 | | updated address pending | | |
| 91 | | | | |
| 92 | | | | |
| 93 | | | | |
| 94 | | | | |
| 95 | | | | |
| 96 | | | | |
| 97 | | | | |
| 98 | | | | |
| 99 | | | | |
| 100 | | | | |
| 101 | | | | |
| 102 | | | | |
| 103 | | | | |
| 104 | | | | |
| 105 | | | | |
| 106 | | | | |
| 107 | | | | |
| 108 | | | | |
| 109 | | | | |
| 110 | | | | |
| 111 | | | | |
| 112 | | | | |
| 113 | | | | |
| 114 | | | | |
| 115 | | | | |
| 116 | | | | |
| 117 | | | | |
| 118 | | | | |
| 119 | | | | |
| 120 | | | | |
| 121 | | | | |
| 122 | | | | |
| 123 | | | | |
| 124 | | | | |
| 125 | | | | |
| 126 | | | | |
| 127 | | | | |
| 128 | | | | |
| 129 | | | | |
| 130 | | | | |
| 131 | | | | |
| 132 | | | | |
| 133 | | | | |
| 134 | | | | |
| 135 | | | | |
| 136 | | | | |
| 137 | | | | |
| 138 | | | | |
| 139 | | | | |
| 140 | | | | |
| 141 | | | | |
| 142 | | | | |
| 143 | | | | |
| 144 | | | | |
| 145 | | | | |
| 146 | | | | |
| 147 | | | | |
| 148 | | | | |
| 149 | | | | |
| 150 | | | | |

| BMG Victim | Alternate Contact | Restitution Owed |
|---|---|---|
| Adams, James E. | | $8,600.00 |
| Amar, Jatinder | | $2,000.00 |
| Anderson, Scott | | $50,000.00 |
| Appelbaum, Susan | | $22,500.00 |
| Ashcraft, Kristina/Sean | | $10,000.00 |
| Askhok Reddy, Basi | Anvy, Inv. | $40,000.00 |
| Austin, Mark/Rhonda | | $7,500.00 |
| Austin, Joel | | $10,000.00 |
| Barry, Stephen | | $133,000.00 |
| Beach, Randall | 210, LLC | $15,000.00 |
| Becton, Simmie | | $11,000.00 |
| Bird, Roger | | $250,000.00 |
| Bishop, John S. | Charterhouse Equites Corp. | $74,500.00 |
| Blanchard, Bob | | $16,000.00 |
| Bohannan, Donald/Wanda | | $134,580.00 |
| Bohannan, R. Dion/Tammy | | $2,000.00 |
| Bohannan, Rodney L. | | $16,000.00 |
| Brant, Thomas | | $31,500.00 |
| Brewer, Robert | | $25,000.00 |
| Brown, Barbara | | $10,000.00 |
| Bulgrin, Dennis | | $4,500.00 |
| Carpenter, Mark | | $5,000.00 |
| Carpenter, John | | $4,050.00 |
| Cartwright, John R. | | $9,000.00 |
| Cipkins, Gregory | | $11,500.00 |
| Clapp, Ronald | | $500.00 |
| Constable, Bonnie | | $30,000.00 |
| Crist, Steve | | $255,570.00 |
| Crosby, Victor | | $6,000.00 |
| Crosby, Todd | | $51,950.00 |
| Curtis, Nancy | | $500.00 |
| Davis, Kathie | | $5,000.00 |
| Davison, Wesley W. | | $10,000.00 |
| DeGraff, Helen | | $20,000.00 |
| Dixon II, Joe M. | | $10,000.00 |
| Dixon, Jason M. | | $20,000.00 |
| Dragoo, Ron | | $16,000.00 |
| Ettoum, Raid | | $25.00 |
| Evans, Robert | | $10,000.00 |
| Fale, Patrick | Fale Phoenix Limited Partnership | $10,000.00 |
| Sewell, Harry | Family Cathedral of Praise | $10,000.00 |
| Fisher, John P. | | $5,000.00 |
| Foster, Ernest | | $2,000.00 |
| Fraleigh, Jon | | $13,610.00 |
| Friske, Eric | | $10,000.00 |
| Friske, Herb | Son Investments | $80,000.00 |
| Gardenour, Fred | | $10,000.00 |
| Godbee, Jack (deceased) | c/o Betty Godbee (wife) and Jackie Flowers (daughter) | $67,850.00 |
| Gowdy, Gayland | | $20,000.00 |
| Greater Crandall Realty | James E. Adams | $53,700.00 |
| Hamlin III, Joseph J. | | $26,850.00 |
| Harbor Investments Group | | $50,000.00 |

| | | |
|---|---|---|
| Harris, Jon | | $10,000.00 |
| Heger, Thomas P. | | $2,500.00 |
| Heller, Jack | | $100,000.00 |
| | | |
| Bracha, Tuvia I. (Tovah) | Tovah Bracha, Inc. | $58,975.00 |
| Iyer, Subramaniam | Jack | $400.00 |
| Jones, David E. | | $5,000.00 |
| Joyner, Sheila | | $11,950.00 |
| Joyner, Leonard M. | | $50,000.00 |
| Kelly, Terry | | $15,500.00 |
| Khosla, Sanjay | AgreeYa Solutions, Inc. | $100,000.00 |
| Kjeseth, Steven | | $10,000.00 |
| Kumar, Meena | | $20,000.00 |
| Lawrence, Karen | | $10,000.00 |
| Lawrence, Kenny | | $11,684.00 |
| Lawrence, Robert | | $5,000.00 |
| Le, Dung N. | | $10,000.00 |
| Long, John R. | Long Living Trust | $298,875.00 |
| Long, Keith | | $137,200.00 |
| Lowder, Earl | Lowder Family Trust | $25,000.00 |
| Lowder, Larry | | $50,000.00 |
| Manivannan, Anuradha | | $10,000.00 |
| Martin, Todd | | $10,000.00 |
| Mayo, Alfred | | $12,000.00 |
| McBride, William | | $10,000.00 |
| McCalla Jr., Errol | | $12,500.00 |
| McKinley, John | | $87,000.00 |
| McKinley, John/Diane | | $625,000.00 |
| McKinley, Kyle | | $20,000.00 |
| McKinley, Zachary | | $20,000.00 |
| Melz, Gerald | w/Bill McBride | $15,000.00 |
| Melnikov, Michael/Valerie/George | | $14,600.00 |
| MG Group | | $50,000.00 |
| Minkara, Ziad | | $9,750.00 |
| Mitchell, Anthony | | $10,000.00 |
| Moore, Reed D. | | $8,250.00 |
| Morrison, Charles | | $3,000.00 |
| Nallasiva, Mani | | $140,000.00 |
| Nittoli, Anita | | $25,000.00 |
| Nittoli, Ronald | | $25,000.00 |
| Oaks, Donald | | $10,000.00 |
| Ollar, Elton | | $50,000.00 |
| Ormond, James P. | | $10,000.00 |
| Patel, Sanjay | | $104,000.00 |
| Wegman, Danny | Pathway of Life Church | $5,000.00 |
| Paxon Revival Center Chu | | $5,000.00 |
| Peterson, Paul | | $10,000.00 |
| Priest, Dennis | | $3,750.00 |
| Rampey, Greg & Shawna | | $34,400.00 |
| Reedy, Basi Ashok | | $60,000.00 |
| Rein, Marcus | | $10,000.00 |
| Rhinehart, Gary | | $200,000.00 |
| Rice, Arthur | Amherst Group, LLC | $326,666.66 |
| Rossetti, Casey | | $5,000.00 |
| Ryzyi, William | | $8,475.00 |

| | | |
|---|---|---|
| Ryzyl, Eric | | $3,320.00 |
| Samson, Martha | | $5,000.00 |
| Scanlan, Charlotte | | $70,000.00 |
| Schreiber, Karl | | $146,003.00 |
| Schwartz, Cresence | | $1,000.00 |
| Shaffer, Kathie | | $129,000.00 |
| Shaffer, Suzanne | Family Trust | $40,000.00 |
| Shaw, Robert | | $120,000.00 |
| Shurley Sr., Billy | | $50,000.00 |
| Silver, John | | $51,100.00 |
| Simmons, Thomas & Judith | | $75,000.00 |
| Slota, James | | $5,000.00 |
| Smack, Larry | | $1,000.00 |
| Smith, Larry | Equity Services, LLC | $11,500.00 |
| Soll, Kirt | | $2,000.00 |
| Sowby, James & Teri | | $425,000.00 |
| Stancampiano, Fred | | $10,000.00 |
| Storms Jr., James | | $7,000.00 |
| Strodel, Raymond | Robert R. Strodel, Successor Trustee | $37,950.00 |
| Walker, Amy | Rex | $16,850.00 |
| Walther, Konrad | | $26,500.00 |
| Warren, Natasha | | $12,000.00 |
| White, Scott | | $10,000.00 |
| Wiech, Jerrilyn | | $24,000.00 |
| Wright, Gerald L. | | $61,000.00 |
| Yauch, Dick & Mary | Richard | $42,500.00 |
| Young, Michael | | $289,500.00 |
| | | |
| | | $6,251,483.66 |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No. 8:09-cr-585-T-24TBM

JOHN S. MORGAN

**FORFEITURE MONEY JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE FOR 2003 FOUNTAIN LIGHTNING FEVER POWERBOAT**

THIS CAUSE comes before the Court upon the filing of the United States' Motion for a Forfeiture Money Judgment in the amount of $10,085,375, and a Preliminary Order of Forfeiture for the following vessel, which, upon entry, shall become a final order of forfeiture as to defendant John S. Morgan:

> A 2003, 29 foot Fountain Lightning Fever Powerboat with a 402 HP Mercruiser Engine, Hull No. FGQ29758I203, Florida Title No. 90725362, registered in the name of Marine Tech, 4638 19th Court East, Bradenton, Florida, 34202.

Being fully advised in the premises, the Court hereby finds that the United States has established that the defendant obtained at least $10,085,375 in proceeds from his participation in the prime bank note trading scheme and wire fraud conspiracy, in violation of 18 U.S.C. § 371, as charged in Count One of the Superseding Indictment, for which the defendant was convicted. Further, the United States has established the requisite nexus between the conspiracy and the powerboat. Accordingly, it is hereby

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2), defendant John S. Morgan is jointly and severally liable, with his co-defendants Marian Morgan and Stephen Bowman, to the United States of America for a forfeiture money judgment in the amount of $10,085,375.

It is FURTHER ORDERED that, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2), all right, title and interest of defendant John S. Morgan in the 2003 powerboat are FORFEITED to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c).

The Court retains jurisdiction to enter any further order necessary for the forfeiture and disposition of any of the defendant's property that the United States is entitled to seek as a substitute asset to satisfy the money judgment, and to entertain any third party claim that may be asserted in these proceedings.

DONE and ORDERED in Chambers in Tampa, Florida, this 25th day of November, 2011.

SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record